**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| ANDREW R. PERRONG<br>1657 THE FAIRWAY #131<br>JENKINTOWN, PA 19046<br><br>　　　　Plaintiff<br><br>vs.<br><br>CALLER IDENTIFED AS CONNOR<br><br>　　　　Defendant. | Case No. 1:22-cv-04479-CPO-EAP<br><br>JURY TRIAL DEMANDED |

**MOTION FOR LEAVE TO SERVE A THIRD-PARTY
SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

　　　Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby moves this honorable Court to enter an order granting Plaintiff leave to serve a third-party subpoena under Rule 45 on RingCentral Inc. and any subsequent downstream providers as RingCentral may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number 856-209-6591. In support thereof, Plaintiff states the following:

**I.　　INTRODUCTION**

　　　As set forth in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from an entity calling to solicit for renting and selling property. Compl. ¶¶15, 20. The call came from the apparently legitimate caller ID 856-209-6591. *Id.* ¶28.

1

However, the Plaintiff does not know the legal entity who placed the calls. When the number is called back, the caller is simply transferred to voicemail identifying "Connor" and the Plaintiff is unable to investigate further. *See* Compl. ¶32. The Plaintiff is also ignorant of any address to serve the Defendant because Defendant used messages with the generic name "Connor" and did not state the marketing company, lead generator, or other corporate entity from whom they were calling.

Plaintiff has queried the database of iconectiv, the company charged by the Federal Communications Commission to administer the Number Portability Administration Center, which is the master database which lists which telephone provider services a particular number, among other information required to route telephone calls to the proper provider. Searching the telephone number 856-209-6591 in this database reveals that the number is serviced by RingCentral Inc. This database does not reveal subscriber identity, however, as that information remains with the carrier, in this case, RingCentral Inc.

In short, seeking the subscriber information for the telephone number 856-209-6591 from the carrier, RingCentral Inc., and any downstream carriers it may use, is the only way in which Plaintiff will be able to ascertain the true identity of the caller and effectuate service of process. Plaintiff will only use this information to prosecute the claims made in its Complaint and any amended pleadings in this matter. Without this information, Plaintiff cannot pursue this lawsuit to hold the caller that called him accountable for its actions in violating the TCPA.

II.   **LEGAL ARGUMENT**

    a. **Legal Standard Governing Discovery Requests to Identify an Anonymous Defendant**

Cases such as this are the paradigm for when courts should grant leave to conduct pre-Rule 26(f) conference discovery. "In cases involving as-yet-unknown defendants, in which the

plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

The Third Circuit has instructed that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it*." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (emphasis added); *Athill v. Speziale*, No. 06-4941, 2009 WL 1874194, at *14 (D.N.J. June 30, 2009) ("Plaintiffs should thus be allowed every opportunity to identify the unknown defendants."); *see also Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"). And, "[i]n conducting any discovery inquiry, the Third Circuit has suggested that district courts risk reversal if their rulings will make it impossible for any party to 'obtain crucial evidence[.]'" *Strike 3 Holdings, LLC v. Doe,* No. 18-12585, 2020 WL 3567282 at *5 (D.N.J. June 30, 2020) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)).

"Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. [However], [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) (citation omitted). In this District, courts typically determine

3

whether good cause exists to allow the issuance of a subpoena at this early stage based on seven factors:

> (1) the plaintiff's ability to make a *prima facie* showing of a claim, (2) the timing of the request in light of the formal start of discovery, (3) the tailoring and specificity of the request, (4) the purpose of discovery and the need for information, (5) the burden on the defendant, (6) the absence of an alternative means for obtaining the information sought, and (7) the defendant's expectation of privacy.

*Strike 3 Holdings, LLC,* 2020 WL 3567282 at *4.

Although the Plaintiff notes that an almost identical motion to this one was granted in three other cases in the Eastern District of Pennsylvania, the Plaintiff will address each of these factors in turn since the factors in this District differ slightly. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4; Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12; Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4.

### b. Good Cause Exists to Grant Plaintiff's Motion.

*Frist,* the Plaintiff has demonstrated a *prima facie* claim for violations of the Telephone Consumer Protection Act. The Plaintiff has alleged that on June 10, 13, 14, and 21, 2022, he received at least four calls from the Defendant. Compl. ¶ 20. The Plaintiff has alleged that the calls used an ATDS. *Id.* at ¶33. The call was placed to a telephone number for which the Plaintiff is charged. *Id.* at ¶¶ 23–27, 41. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations.

4

The TCPA also makes it unlawful to violate any of the implementing provisions and regulations of the TCPA, as codified in 47 C.F.R. § 64.1200(c) and (d). 47 U.S.C. § 227(c)(5). The Plaintiff has alleged that on June 10, 13, 14, and 21, 2022, he received at least four calls from the Defendant. Compl. ¶ 20. The Plaintiff has alleged that the calls were placed to his number despite it being on the National Do Not Call Registry. *Id.* at ¶18. The TCPA makes it unlawful to initiate a telephone solicitation to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Accordingly, the Plaintiff has stated a *prima facie* claim for TCPA violations under this section of the statute as well.

*Second,* the timing of this request is appropriate. The Third Circuit has instructed that, "[i]f discovery is sought by a plaintiff, as it was here, and if it would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it." *Alston*, 363 F.3d at 233 n.6. Accordingly, because the request is necessary to identify the defendants in this case, the timing of such a request to identify them at the outset of the litigation supports a finding that this request's timing is appropriate.

*Third,* the Plaintiff seeks discovery for specific concrete information pertaining to the telephone number 856-209-6591. As indicated above, the Plaintiff only seeks information to identify the subscriber of the telephone number at issue in this case, to include the name of the subscriber, address, contact telephone number, website, and e-mail address. In cases alleging copyright infringement, court have determined that similar subscriber identity information pertaining to an IP (Internet Protocol) address was "highly specific." *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

*Fourth*, the purpose of the discovery is to seek information to identify the Defendant, and such discovery is of central importance to this litigation. The Third Circuit has advised that courts should grant limited discovery in cases, such as these, where the plaintiff may otherwise not have access to a means for identifying unknown defendants. *Alston*, 363 F.3d at 233 n.6. Accordingly, the purpose of the discovery is appropriate and is needed in order to advance the claim.

There is a central need for the subpoenaed information. As previously described, the Plaintiff cannot properly serve "Connor" or the entity on whose behalf they were calling – or even confirm if this is the true name of the Defendant – without first ascertaining its identity from its telephone carrier. The identity of a defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). And, once the Plaintiff has obtained this information, he can further investigate his claims and confirm that he has a good-faith basis to proceed. *Strike 3 Holdings, LLC v. Doe*, No. 19-02552, 2019 WL 4855039, at *2 (S.D.N.Y. Oct. 2, 2019). Indeed, a sister court, in granting leave to conduct expedited discovery in a TCPA case under similar circumstances as here, held that "plaintiffs will be helpless to timely serve Global with the summons and complaint or to otherwise prosecute their case without that information." *See Catlin v. Glob.*, No. 14-CV-6324L, 2014 WL 3955220, at *2 (W.D.N.Y. Aug. 13, 2014).

*Fifth*, there is little to no burden on the Defendant that would result from a subpoena served on its telephone carrier, which is a third-party. *Strike 3 Holdings, LLC*, 2020 WL 3567282 at *8. And this Court has previously denied a motion to quash on burden grounds a subpoena seeking subscriber information from an internet service provider was "burdensome." *E.g.*,

6

*Malibu Media, LLC v. Doe*, No. 12-07789, 2014 WL 229295, at *1 (D.N.J. Jan. 21, 2014). Accordingly, there is no burden imposed upon the Defendant arising out of this subpoena.

*Sixth,* there exist no alternative means whereby the Plaintiff can obtain the subpoenaed information. Calling the telephone number leads to a dead end because it simply gets transferred to voicemail, which goes unresponded to. The name provided by the Defendant is generic and was designed to conceal its identity. Finally, searching information about the telephone number itself turns up empty. A simple Google search of the number indicates that the caller is one of the "top robocallers" identified by Noborobo, an FTC-award-winning company dedicated to stopping robocalls – information that bolsters the Plaintiff's claims, but which is otherwise of little use. *See Catlin*, 2014 WL 3955220, at n1 (W.D.N.Y. Aug. 13, 2014) (TCPA defendant who stated that their company name was "Global"); *see also 856-209-6591*, NOMOROBO (July 11, 2022), https://www.nomorobo.com/lookup/856-209-6559.

*Finally,* the Defendant in this case has a minimal expectation of privacy in its own name and address. The Defendant called the Plaintiff and attempted to engage the Plaintiff to attempt to sell or rent him a property. Compl. ¶¶ 29-31. It identified itself only as "Connor." *Id*. ¶ 32. Unlike in copyright infringement cases where an IP address is at issue, there is no federal statute protecting the release of a telephone subscriber's information, unlike IP addresses. Moreover, like in copyright infringement cases, the Defendant has no reasonable expectation of privacy when they took steps themselves to contact the Plaintiff, essentially holding its telephone number out to the world. *See in re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003). A company who violates this nation's telemarketing laws has little privacy interest in its own name and address. *Catlin*, 2014 WL 3955220, at *2.

### c. Granting this Motion Conforms to Existing Precedent

Plaintiff notes that courts frequently grant similar motions the TCPA context when critical information pertaining to the calls at issue in the case and the identity of the caller are only available from a telephone company. *See, e.g.*, *Richardson v. Virtuoso Sourcing Grp.*, L.L.C., No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015) (expedited discovery in TCPA case in the context of motion for default judgment); *Catlin*, 2014 WL 3955220, at *2 (expedited discovery to serve defendant in a TCPA lawsuit).

Indeed, three other judges in the Eastern District of Pennsylvania granted nearly identical motions with respect to Plaintiff. Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4 (Pratter, J.); Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12 (Rufe, J.) Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4. (Younge, J.).

Given that the interests here are similar to those in existing cases and given that the risks involved in obtaining such information are nowhere near as potentially harmful or embarrassing as those of copyright infringement of sexual content, the court should GRANT Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court should GRANT the Plaintiff leave to serve a Rule 45 subpoena on RingCentral Inc. and any subsequent downstream telephone providers as RingCentral may identify, prior to a Rule 26(f) conference, seeking the subscriber identity, to include the name of the subscriber, address, contact telephone number, website, and e-mail address for the telephone number 856-209-6591.

Dated: **July 11, 2022**

/s/ Andrew R. Perrong
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com