[ECF No. 3]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>  Plaintiff,<br><br>v.<br><br>CALLER IDENTIFIED AS CONNOR,<br><br>  Defendant. | Civil No. 22-4479 (CPO/EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of *pro se* Plaintiff Andrew R. Perrong's ("Plaintiff") motion for leave to conduct expedited discovery. Pl.'s Motion for Discovery Seeking Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 3 ("Pl.'s Motion"). The Court has considered the moving papers and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth herein, Plaintiff's motion to serve a third-party subpoena prior to a Rule 26(f) conference is **GRANTED**.

## BACKGROUND

On July 7, 2022, Plaintiff filed a Complaint against a party named as Caller Identified as Connor ("Defendant"), alleging a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Complaint, ECF No. 1 ("Compl."). The TCPA prohibits the use of an Automated Telephone Dialing System ("ATDS"), except for emergency purposes or with the prior express consent of the called party, to place a telephone call to any service for which the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, Plaintiff alleges that Defendant

violated the TCPA by placing four "nearly identical" calls through an ATDS to Plaintiff's telephone number in June 2022 without Plaintiff's prior consent. Compl. ¶¶ 28-33.[1] Also, Plaintiff alleges that his number is on the national Do-Not-Call registry, and he claims that Defendant violated the TCPA's implementing regulations, 47 C.F.R. §§ 64.1200(c) and (d), by calling a number on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, and failing to maintain Plaintiff on its Do-Not-Call list. Compl. ¶¶ 53-54. Third, Plaintiff claims that Defendant violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. CONS. STAT. § 2246(a), by failing to register as a telemarketer. Compl. ¶ 48.

The caller allegedly identified himself during each of the four calls only by the name of "Connor." Compl. ¶¶ 28-33. Apart from this name and the Defendant's telephone number, Plaintiff alleges that he is unaware of Defendant's identity. Compl. ¶ 5.[2] Plaintiff further alleges that the service provider for Defendant's telephone number is RingCentral, Inc., which offers its customers the ability to automatically dial numbers. Compl. ¶¶ 34, 36. On July 11, 2022, Plaintiff filed the present motion seeking leave to serve a third-party subpoena upon RingCentral and any downstream telephone providers to obtain the name, address, contact telephone number, website, and e-mail address for the subscriber of the telephone number shown on Plaintiff's caller ID. Pl.'s Motion at 1. In his motion, Plaintiff argues that serving a subpoena on RingCentral is his only available means to ascertain Defendant's identity, effectuate service of process, and pursue his claims under the TCPA, its implementing regulations, and the UTPCPL. Pl.'s Motion at 2.

---

[1] The four calls were allegedly made on June 10, 2022; June 13, 2022; June 14, 2022; and June 21, 2022. Compl. ¶ 20.

[2] Plaintiff further alleges that the calls displayed a generic caller ID name of "CAMDEN NJ." Compl. ¶ 28.

2

Plaintiff further argues that good cause exists for granting leave to seek discovery prior to a Rule 26(f) discovery conference. *Id.* at 4.[3]

## APPLICABLE STANDARDS

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except when specifically authorized. FED. R. CIV. P. 26(d)(1).

Until 2015, the Federal Rules authorized the Court, for "good cause," to order discovery of any matter relevant to the subject matter involved in the action. FED R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment. However, the 2015 amendment to Rule 26 removed the "good cause" language and instituted a proportionality test for discovery. *Id*. Nevertheless, courts in this District typically evaluate similar cases under the "good cause" standard, and the Court finds this analysis instructive. *See, e.g.*, *Modern Woman, LLC v. Does 1-X*, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013) (noting that courts "often apply the 'good cause' test" when considering motions for leave to serve expedited discovery requests to obtain the identity of unknown defendants); *Malibu Media v. Doe*, No. 15-8940, 2016 WL 614414, at *2 (D.N.J. Feb. 16, 2016) ("Courts in this District have frequently applied the 'good cause' standard to permit early but limited discovery. . . ."); *Manny Film LLC v. Doe Subscriber Assigned IP Address 50.166.88.98*, 98 F. Supp. 3d 693, 694 (D.N.J. 2015) ("A good cause standard governs whether to

---

[3] Plaintiff also notes that he has prevailed on three similar motions in the Eastern District of Pennsylvania to serve third-party subpoenas upon telephone service providers prior to a Rule 26(f) discovery conference. *See* Order, *Perrong v. Pub. Op. Rsch.*, No. 2:20-cv-5317 (E.D. Pa. Nov. 9, 2020), ECF No. 4 (Pratter, J.); Order, *Perrong v. Does 1–10*, No. 2:20-cv-5980 (E.D. Pa. Apr. 12, 2021), ECF No. 12 (Rufe, J.); Order, *Perrong v. Caller Identified as Jennifer*, No. 2:21-cv-02188 (E.D. Pa. June 4, 2021), ECF No. 4. (Younge, J.).

permit discovery prior to a Rule 26(f) conference."). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Malibu Media*, 2016 WL 614414, at *1 (internal quotation omitted).

"Further, a court should consider (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendant; and (5) whether defendant can respond to the request in an expedited manner." *Strike 3 Holdings, LLC v. Doe*, No. 17-12784, 2018 WL 2010422, at *2 (D.N.J. Apr. 24, 2018).

## DISCUSSION

For the reasons that follow, four of the five good cause factors support granting Plaintiff's motion for early discovery, while one factor is mixed.

The first factor, the timing of the request in light of the formal start to discovery, weighs in favor of Plaintiff. While parties typically may not seek discovery before a Rule 26(f) discovery conference, Plaintiff is unable to delay the timing of this motion for leave to serve a third-party subpoena. Plaintiff must first obtain Defendant's name and contact information in order to effectuate service of process on Defendant and name them as a party to the action before a Rule 26(f) discovery conference may take place. *See also Alston v. Parker*, 363 F.3d 229, 234 n.6 (3d Cir. 2004) ("If discovery is sought by a plaintiff, as it was here, and if it would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it.").

The second factor also supports Plaintiff's motion because the discovery request is narrowly tailored. Plaintiff is not seeking large volumes of records or information that would be costly for a service provider to procure. Plaintiff only requests the name, address, contact

telephone number, website, and e-mail address of the subscriber that made the automated calls. Moreover, the requested information is not unnecessarily sensitive or intrusive into Defendant's privacy. *See also Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, at *8 (D.N.J. June 30, 2020) (holding that a request for the name and permanent address of IP address subscribers was narrowly tailored because it was "no more than would be required to identify the relevant individual").

The third factor, the purpose of the requested discovery, similarly supports granting Plaintiff leave to serve the subpoena. Plaintiff's purpose in requesting early discovery is to identify Defendant in order to litigate his claims. Plaintiff contends that a third-party subpoena "is the only way in which Plaintiff will be able to ascertain the true identity of the caller and effectuate service of process." Pl.'s Motion at 2. Currently, Plaintiff only possesses the telephone number and the purported first name of Defendant, and the automated calls allegedly did not state a company name or any other information about the caller. *Id*. Plaintiff further alleges that he has queried the database of iconectiv, "which is the master database which lists which telephone provider services a particular number," but that the identities of individual subscribers remain solely with the telephone service providers. *Id*; *see also Strike 3 Holdings, LLC v. Doe*, 2018 WL 2010422, at *2 (finding good cause for serving an expedited third-party subpoena where the plaintiff's purpose was to obtain the identities of copyright infringers); *Richardson v. Virtuoso Sourcing Grp.*, No. 15-2198, 2016 WL 7468804, at *1 (M.D. Fl. Jan 19, 2016) (finding that "good cause" existed to grant a plaintiff's motion to serve a third-party subpoena on a wireless provider to obtain telephone records necessary to bring a TCPA claim).

The fourth factor, whether discovery burdens Defendant, is mixed. The subpoena will be served on a third-party, RingCentral, and on any downstream telephone providers, and not directly

5

on Defendant.  However, there is a risk of incidentally burdening a telephone customer who may not be the truly liable party.  In *Manny Film*, a plaintiff sought leave to serve a third-party subpoena on an internet service provider to obtain the identity of the subscriber of an IP address through which a copyrighted movie was illegally distributed.  98 F. Supp. 3d at 694.  The court recognized the possibility that the identity of the internet subscriber may not equate to the identity of the infringing party.  *Id*. at 695.  Since the requested discovery could have led to "false positives" about the defendant's identity, the court "balanced the interests" of the plaintiff against the unknown IP address subscriber.  *Id*. at 695-96.

Similarly, the risk of a false positive exists here.  Plaintiff recorded the Defendant's purported telephone number on his caller ID.  Compl. ¶ 28.  However, a caller ID display may not show the caller's true telephone number.  For instance, fraudulent actors often use a technique known as "call spoofing" to deliberately falsify the information transmitted to a recipient's caller ID display.[4]  As a result, call spoofing may cause a caller ID display to show an entirely unrelated person's telephone number.[5]  Therefore, Plaintiff's interests must be balanced against the interests of the unknown telephone customer.

Plaintiff has an interest in obtaining remedies for violations of his rights, and Plaintiff has demonstrated a *prima facie* claim for violations of the TCPA.  Again, 47 U.S.C. § 227(b)(1)(A)(iii) prohibits using an Automated Telephone Dialing System (ATDS), except for emergency purposes

---

[4]  *See Caller ID Spoofing*, Fed. Commc'ns Comm'n (Mar. 7, 2022), https://www.fcc.gov/spoofing (describing caller ID spoofing) (last visited Jan. 4, 2023); *e.g.*, *Teltech Sys., Inc. v. Bryant*, 702 F.3d 232, 234 (5th Cir. 2012) (providing a factual introduction to caller ID spoofing).

[5]  *See* Sarah Krouse, *"Stop Robocalling Me!"; "I Didn't"; Robocall Recipients Lash Out, Unaware that Numbers on the Other End May Have Been "Spoofed" by Scammers*, Wall St. J. (Jan. 1, 2019), https://www.wsj.com/articles/stop-robocalling-me-i-didnt-11546261200 (last visited Jan. 4, 2023) (reporting how illegal robocallers use call spoofing to falsify their phone numbers).

6

or with the prior express consent of the called party, to place a call to any service for which the called party is charged for the call, and 47 U.S.C. § 227(b)(3) provides a private cause of action for violations of this subsection.  Plaintiff has alleged that the calls were placed by an ATDS due to the nearly identical nature of the calls and because RingCentral offers the ability to automatically dial numbers.  *Id.* ¶¶ 31-36.  Plaintiff has alleged that he never requested or otherwise gave his consent for the calls.  *Id.* ¶¶ 31-36.  Additionally, Plaintiff has alleged that he uses a Voice over Internet Protocol (VoIP) telephone service that charges him a fee for each call he receives.  *Id.* ¶¶ 22-23.  Plaintiff contends that this requested subpoena is his only available means to identify the caller and pursue his claims.  Pl.'s Motion at 2.[6]

On the other hand, the telephone customer whose number appeared on Plaintiff's caller ID has a privacy interest in his name, address, and other personal information.  *See Malibu Media, LLC v. John Does 1-18*, No. 12-7643, 2013 U.S. Dist. LEXIS 155911, at *8-9 (D.N.J. Mar. 22, 2013) ("In resolving the pending request for expedited discovery, the Court must balance Plaintiff's need for discovery against the privacy interests of the subscriber."); *Voltage Pictures v. Does 1-60*, No. 12-6885, 2013 WL 12406868, at *3 (D.N.J. May 31, 2013) ("The recent weight of authority is that a plaintiff may serve a subpoena on an ISP to obtain contact information for a John Doe.  Courts, however, impose safeguards to protect the privacy rights of potentially innocent third parties.").  Also, an innocent telephone customer has an interest in avoiding the time and expense required to defend against a claim in the event of a "false positive" identification.  Therefore, the telephone customer shall have thirty days from receipt of the subpoena to object to or move to quash the subpoena.  RingCentral and any downstream telephone providers shall not provide any responsive information to Plaintiff until the latter of the expiration of the thirty-day

---

[6] Plaintiff's motion for leave to serve a third-party subpoena does not discuss his Do-Not-Call list and his UTPCPL claims.

period or the resolution of any motion to quash or for a protective order. Also, it shall be ordered that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing Plaintiff's rights as set forth in his Complaint. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 21-17860, 2021 WL 5173473, at *3 (D.N.J. Oct. 29, 2021) (imposing similar conditions when granting leave to serve a third-party subpoena upon an internet service provider to identify an IP address subscriber).

Lastly, the fifth factor, whether Defendant can respond to the request in an expedited manner, favors Plaintiff. Again, the requested subpoena will be served on RingCentral and any downstream telephone providers—not on Defendant. Regardless, providing the name, address, contact telephone number, website, and e-mail address of the subscriber is unlikely to require extensive research on behalf of RingCentral. *See Strike 3 Holdings, LLC v. Doe*, 2020 WL 3567282, at *8 (explaining that a third-party subpoena is not served on a defendant, and for this reason, "the fifth good cause factor, whether the defendant can respond to the request in an expedited manner, also serves as no barrier to granting the relief sought.").

In conclusion, four of the five factors weigh in favor of Plaintiff, and one factor is mixed. Plaintiff has demonstrated good cause to obtain leave to serve a third-party subpoena on RingCentral and all downstream telephone providers because the need for expedited discovery outweighs the prejudice to the responding parties. The conditions detailed in the below order balance the interests of Plaintiff and the unknown telephone service subscriber. Consequently, for the foregoing reasons, and for good cause shown,

**IT IS** this **4th** day of **January 2023**;

**ORDERED** that Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, ECF No. 3, is **GRANTED**; and it is further **ORDERED** that:

1.       The time within which Plaintiff may serve Defendant with a summons and Complaint in this action is extended to **March 5, 2023.**

2.       The Clerk of Court is directed to provide Plaintiff with blank, signed subpoena forms pursuant to FED. R. CIV. P. 45(a)(3).

3.       Plaintiff may serve a Rule 45 subpoena issued to RingCentral, Inc. that is limited to requesting only the name, address, contact telephone number, website, and e-mail address associated with the telephone number listed in the Complaint for the time period between June 10, 2022, and June 21, 2022.  No other disclosure may be requested.  Plaintiff shall attach a copy of this Order to the subpoena.  Plaintiff is advised of the requirements for service of subpoenas under FED. R. CIV. P. 45, which, when the object of the subpoena is a corporation, requires personal service of a copy of the subpoena upon a corporate officer or agent authorized under FED. R. CIV. P. 4 to accept service of process.  Plaintiff must bear the costs of such service.

4.       Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any related downstream carrier that is identified in response to a subpoena as a provider of telephone services to the customer associated with the telephone number identified in the Complaint.

5.       RingCentral, Inc. shall have thirty (30) days from the service of this Order and the subpoena to object to or move to quash the subpoena.  The customer named as Caller Identified as Connor in this action shall also have thirty (30) days from receipt of this Order and the subpoena to object to or move to quash the subpoena.

6.       RingCentral, Inc. or any related downstream carrier shall not respond to any subpoena served in this case until the latter of the expiration of the thirty (30) day periods set forth above or the resolution of a motion to quash or for a protective order.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on a telephone provider for the purpose of protecting and enforcing Plaintiff's rights as set forth in his Complaint.

8. Plaintiff shall forward copies of the responsive information to any Defendant who enters an appearance in this case.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Christine P. O'Hearn, U.S.D.J.